**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WISCONSIN SHEET METAL WORKERS**
**HEALTH AND BENEFIT FUND, and PATRICK**
**LANDGRAF (in his capacity as Trustee),**

        Plaintiffs,

    -vs-                                   **Case No. 13-C-69**

**BOB'S SHEET METAL, HEATING**
**& AIR CONDITIONING, Inc.,**

        Defendant.

---

## DECISION AND ORDER

This is an action to recover unpaid contributions to an ERISA-governed employee benefit plan. The defendant, Bob's Sheet Metal, Heating & Air Conditioning, Inc., is in default. On October 28, 2013, the Court issued an order directing Bob's to submit to an audit "covering the period of January 1, 2011, to the present date for any and all employees of Defendant whose records were not produced" during a prior "partial audit." The plaintiffs, Wisconsin Sheet Metal Workers Health and Benefit Fund and Patrick Landgraf as Trustee, move for an order to show cause as to why Bob's is not in contempt of this Order.

Bob's moves for relief from judgment, citing Rules 60(b)(1) and 60(b)(3). *See also* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)"). Under either provision, Bob's must prove that it has a meritorious claim or defense to the complaint. *See*

*Swaim v. Molton Co.*, 73 F.3d 711, 722 (7th Cir. 1996); *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996). Bob's doesn't have a meritorious defense.

A meritorious defense "is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1995). Bob's argues that it is no longer a party to the collective bargaining agreement after ownership changed hands from father to son. This defense does not raise doubt about the judgment because the applicable CBA cannot be repudiated during its term, and it continues to apply in perpetuity unless and until Bob's properly withdraws. CBA, Article XVI, Sections 4 and 5 (ECF No. 26-2).

Bob's also did not have good cause for defaulting, as required to obtain relief under Rule 60(b)(1). As the Court has previously explained, the "concept of good cause is enveloped by Rule 60(b)(1), which allows the Court to grant relief from a default judgment caused by 'mistake, inadvertence, surprise, or excusable neglect.'" *Operating Eng'r Local 139 v. Tracks Custom Crushing, Inc.*, No. 09-C-44, 2009 WL 3754172, at *1 (E.D. Wis. Nov. 5, 2009). This inquiry is an equitable one, taking into account the danger of unfair prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395 (1993)).

Bob's owner, Byron Ruonavaara, argues that he had great difficulty obtaining counsel to represent Bob's in Wisconsin because he lives in a remote area of the Upper Peninsula of Michigan. Yet Ruonavaara managed to find an admitted attorney eventually, and he fails to explain why he was unable to find the attorney he found — whose office is only a mile from Bob's — any earlier. Bob's was served well over a year ago, in February of 2013, and the plaintiffs waited until October to move for default judgment. During this time, the parties were negotiating, and it appears obvious that Ruonavaara was negotiating in bad faith in an attempt to delay payment. *See* Motion for Order to Show Cause, Ex. 1 (email from auditor explaining that Ruonavaara called in December "with the same old questions. He still doesn't think there is a contract beyond the expiration date, he still is denying the employees performed covered work, and he is still refusing to send MONTHLY payroll records").

Finally, Bob's argues that plaintiffs' counsel suggested that he would not move for default judgment if the parties continued to negotiate. Fed. R. Civ. P. 60(b)(3) (relief from judgment for fraud, misrepresentation, or misconduct). At the same time, plaintiffs' counsel advised Ruonavaara that default judgment was a possibility. Plaintiffs cannot be faulted for finally exercising that right after months of negotiations proved unfruitful.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Bob's motion for relief from judgment [ECF No. 24] is **DENIED**;

2. Plaintiffs' motion for an order to show cause [ECF No. 29] is **GRANTED**. Byron Ruonavaara, as registered agent for Bob's Sheet Metal, Heating & Air Conditioning, Inc., is required to appear in person for a hearing on **June 12, 2014** at **9:30 a.m. (CST)** to show cause as to why he should not be held in contempt for willfully disobeying this Court's injunctive order to submit to an audit of his company's books and records by the plaintiffs' designated auditors covering the period January 1, 2011 through the present.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2014.

                                        **BY THE COURT:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**